IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTRIANA WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-19-768-STE |
| ) | |
| COMMISSIONER OF THE SOCAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2). The matter has been assigned to the undersigned magistrate judge pursuant to *In re: Social Security Cases*, GO 16-4 (W.D. Okla.) (eff. Jan. 1, 2017).

Plaintiff is required to pay a fee of $400.00 to commence her civil action. Pursuant to 28 U.S.C. § 1915(a), however, a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783 at *1 (10th Cir. April 23, 1999) (unpublished) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court."). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of the Treasury,* 408 F.3d 1309, 1312 (10th Cir. 2005).

Proceeding in forma pauperis "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998).

To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (unpublished) (citations omitted). But, "a person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not 'absolutely destitute.'" *Id.* (citation omitted).

A review of Plaintiff's Application demonstrates that she has the ability to pay the $400.00 filing fee. Plaintiff asserts that she has $10.00 in a checking or savings account. However, Plaintiff further advises that her net monthly income (calculated on a 52 week annual salary) is $1,473.00. Plaintiff lists a total of $285.00 in expenses monthly. In addition, Plaintiff advises that she has medical bills totaling $12,342.00 and that she must pay co-pays monthly. But, Plaintiff does not indicate what payments she makes toward those medical expenses. After considering all of the income and expenses listed, Plaintiff's monthly income exceeds her monthly expenses by approximately $1,188.00. These factors weigh against Plaintiff demonstrating she qualifies to proceed in forma pauperis. *See Brewer*, 24 F. App'x at 979 (denying request to proceed in forma pauperis where the plaintiff's "monthly income exceed[ed] his monthly expenses by a few hundred dollars").

Therefore, upon careful consideration, it is recommended that Plaintiff be denied leave to proceed in forma pauperis.

## RECOMMENDATION

It is recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs **(ECF No. 2)** be **DENIED**. It is further recommended that if Plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **September 13, 2019**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

ENTERED on August 27, 2019.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE